Dear Mr. Cowan:
In response to your inquiry of recent date, note that this office has many times determined that a deputy sheriff holds an appointive office for purposes of Louisiana's Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. See Attorney General Opinions 01-459 and 98-150. The second position which you contemplate holding is that of Commissioner of the Fifth Louisiana Levee District, a part-time appointive office in a political subdivision of the state[1]. The prohibition which might be applicable, if both positions were held on a full-time basis, is found in R.S. 42:63(E), providing:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
However, as only one position is held on a full-time basis, the prohibition is inapplicable.
Dual officeholding laws do not prohibit the suggested arrangement; however, this office routinely refers all ethical inquires to Mr. Gray Sexton, Louisiana State Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809 (255-922-1400) for review.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Appointment of levee district board members is accomplished via the provisions of R.S. 38:304. With respect to the Fifth Louisiana Levee District, the limits of the levee district embrace "all the lands in the parishes of East Carroll, Madison, Tensas, and Concordia." See R.S.38:291(E). Finally, a levee district is a political subdivision of the state pursuant to R.S. 38:281(6).